UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-02-575 |
| § | CIVIL ACTION NO. H-06-1447 |
| JUAN JOSE CASTRO, § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States' Answer to 28 U.S.C. § 2255 Motion, Motion to Dismiss and Motion for Summary Judgment (Document No. 146), and Movant Juan Jose Castro's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 143). Having considered Castro's § 2255 Motion, the United States' Answer, Motion to Dismiss and Motion for Summary Judgment, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, that Castro's Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.   Procedural History**

Movant Juan Jose Castro ("Castro"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Castro's first motion pursuant to § 2255.

On August 28, 2002, Castro was charged by Indictment, along with one co-defendant, with

conspiracy to possess with intent to distribute more than 5 kilograms of cocaine (count one), and aiding and abetting the possession with intent to distribute more than 500 grams of cocaine (count two). (Document No. 1). On March 11, 2003, Castro pled guilty to count one pursuant to a written plea agreement. (Document Nos. 46, 47 & 48). Thereafter, following the preparation of a presentence investigation report, to which Castro stated that he had no objections (Document No. 130), and following the granting of the Government's motion for downward departure under § 5K1.1 of the Sentencing Guidelines, Castro was sentenced to 108 months confinement, to be followed by a five year term of supervised release, and a $3,000 fine. (Document No. 84). Judgment was entered on September 8, 2003. (Document No. 87).

Castro appealed to the Fifth Court of Appeals. On December 13, 2004, the Fifth Circuit affirmed his conviction and sentence in an unpublished opinion. (Document Nos. 137 & 138). Castro's petition for writ of certiorari with the United States Supreme Court was denied on April 25, 2005. (Document No. 139). A year to the day thereafter, Castro filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 143). The Government has filed an Answer, Motion to Dismiss, and Motion for Summary Judgment (Document No. 146), to which Castro has not filed a response in opposition. This § 2255 proceeding is now ripe for ruling.

**II.    Claims**

Castro raises three claims in his Motion to Vacate, Set Aside or Correct Sentence:

1. that his guilty plea was not knowing or voluntary because he was not aware, at the time of his plea, of the quantity of drugs he would be held responsible for at sentencing;

    2.    that his trial counsel did not fully advise him of the consequences of his guilty plea; and

    3.    that his sentence, which was enhanced based on factors not alleged in the indictment, not admitted by him, and not found by a jury beyond a reasonable doubt, runs afoul of the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005).

The Government, in its Answer, Motion to Dismiss and Motion for Summary Judgment, argues that Castro's claim that his guilty plea was not knowing and voluntary was raised by Castro in his direct appeal and rejected by the Fifth Circuit, and cannot be re-litigated in this § 2255 proceeding. The Government also argues, in the alternative, that the record shows that Castro's plea was both knowing and voluntary. As for Castro's claim about the effectiveness of his trial counsel, the Government maintains that Castro's complaint is vague and conclusory, and that Castro has not identified what more his counsel should have done to advise him of the consequences of his plea. Finally, with respect to Castro's *Blakely/Booker* claim, the Government argues that any error in his sentence under *Booker* is not "plain error" and therefore no relief is available to Castro on his *Booker* claim.

### III.   Discussion

    **A.    Guilty Plea Claim**

Castro asserts in claim one of his § 2255 motion that:

Conviction obtained by plea of guilty which was unlawfully induced, and not make with understanding of consequences of plea. I was not informed of the amount of cocaine that would be used against me for purposes of sentencing, and the results that would be sought, as I full believe that I would receive a sentence of 93 months at the time I agreed to plead guilty.

§ 2255 Motion (Document No. 143) at 4. This is the entirety of the allegations set forth by Castro in support of his claim that his guilty plea was not knowing and voluntary.

The record shows that Castro challenged his guilty plea in his direct appeal on the basis that he did not know the amount of cocaine for which he would be held responsible. In rejecting that challenge, the Fifth Circuit wrote:

> Juan Jose Castro appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute more than five kilograms of cocaine. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004), Castro argues that his guilty plea, which included a waiver-of-appeal provision, was involuntary because the district court did not inform him of the drug quantity on which he would be sentenced.
>
> Castro was rearraigned before Blakely was decided. Further, this court has determined that Blakely does not apply to the Guidelines. See United States v. Pinero, 377 F.3d 464, 465-66 (5th Cir. 2004), pet. for cert. filed (U.S. July 14, 2004) (No. 04-5263). Moreover, because Castro was not sentenced above the statutory maximum, his reliance on Apprendi is misplaced. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000). Thus, the district court was under no duty under Rule 11 to advise Castro that he had a right to a jury trial on the amount of intended loss or his role in the offense inasmuch as those were factors that increased his sentence under the Guidelines. See Pinero, 377 F.3d at 465-66. As such, Castro fails to show that the district court's acceptance of his guilty plea was error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Olano, 507 U.S. 725, 732-35 (1997); United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). Nor does Castro show that his substantial rights were affected inasmuch as the same base offense level applies to 6.05 kilograms of cocaine as to 5 kilograms. See Olano, 507 U.S. at 732-35; Vasquez, 216 F.3d at 459; U.S.S.G. § 2D1.1(c)(4).
>
> Castro has shown no defect in his indictment on the basis that it did not charge the drug quantity on which his sentence was based as an element of his offense. See Pinero, 377 F.3d at 465-66.
>
> AFFIRMED.

(Document No. 138). To the extent Castro raises herein the same challenge to the validity of his guilty plea that he raised in his direct appeal, no relief is available. A claim that was raised and

4

litigated on appeal cannot be relitigated in a subsequent § 2255 proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."), *cert. denied*, 476 U.S. 1118 (1986); *see also United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

Moreover, to the extent Castro challenges the validity of his guilty plea on grounds not asserted in his direct appeal, a review of the record shows that Castro's plea was knowingly and voluntarily entered. At his Rearraignment, the Court engaged in an extended colloquy with Castro to ensure that his guilty plea was knowing and voluntary, and that he understood the sentencing range he faced and the consequences of his plea. In addition, the Court had the Government summarize the evidence against Castro, who stated that the facts set forth by the Government were true. As for Castro's complaint that his guilty plea was not knowing and voluntary because he did not know the amount of cocaine he would be held responsible for, the record shows that Castro knew he was pleading guilty to a count which charged him with conspiring to possess with intent to distribute more than five (5) kilograms of cocaine. In addition, at the Rearraignment, it was made clear that three kilograms were seized from co-Defendant Vences, two kilograms were seized from co-Defendant Gonzales, and one kilogram was sold by Castro to Salvador Chava. In fact, Castro admitted at the Rearraignment that he "sold three to Vences and one to Salvador Chava." Rearraignment Transcript (Document No. 126) at 31. Upon this record, which shows that Castro was fully admonished regarding the charge he was pleading guilty to, the maximum sentence he faced, and the consequences of his plea, and given the facts that Castro admitted to on the record as well as Castro's statements on the record regarding the knowing and voluntary nature of his plea,

5

statements which carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("we give the statements during the colloquy greater weight than we give unsupported, after- the-fact, self-serving revisions"), no relief is available on Castro's claim that his guilty plea was not knowing and voluntary.

**B.     Ineffectiveness Claim**

Castro asserts in claim two of his § 2255 motion:

> Inadequate advice of counsel[.] My attorney did not fully and completely explain to me the consequences that I was truly facing. The final results were a total surprise to me.

§ 2255 Motion (Document No. 143) at 4. This is the entirety of the allegations set forth by Castro in support of his ineffective assistance of counsel claim. Castro has not alleged what his counsel failed to do to, what advice his counsel failed to give, or what more counsel could or should have done to ensure that he was fully apprised of the consequences of his plea.

Castro's claim of ineffectiveness is conclusory, and therefore insufficient to warrant him any relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief). Moreover, as set forth above, a review of the record shows that Castro was advised by the Court at length about the consequences of pleading guilty. Any advice Castro may not have received from counsel about the consequences associated with his guilty plea was imparted to Castro by the Court at the Rearraignment. Therefore, any advice that counsel may not have given Castro did not, in light of the Court's admonishments, prejudice Castro within the meaning of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was

deficient and that such deficiency prejudiced him).

Because Castro's ineffectiveness claim is conclusory and because the record shows that Castro was not prejudiced by counsel's performance, no relief is available to Castro on his ineffective assistance of counsel claim.

### C. *Blakely/Booker* Claim

In his final claim, Castro asserts:

> Violation of *Booker* and *Blakely* holdings. I was sentenced in part on matters that were alleged only in my PSI, which were not included in my indictment or admissions.

§ 2255 Motion (Document No. 143) at 4. This is the entirety of the allegations set forth by Castro in support of his *Blakely/Booker* claim. Castro does not identify which sentencing factors were improperly considered or applied, and does not show or allege how his sentence would have been different had the Court not considered the Guidelines to be mandatory.

The record shows that Castro did not raise his *Blakely* claim with the District Court. In fact, Castro made no objection to the calculation and application of the Guidelines. While Castro did raise a *Blakely* claim in his direct appeal, the Fifth Circuit rejected that claim on the basis that *Blakely* was not applicable to the Sentencing Guidelines. Following that decision and during the pendency of Castro's petition for writ of certiorari, the Supreme Court decided *Booker*. In *Booker*, the Supreme Court found that the rule announced in *Blakely* was applicable to the Sentencing Guidelines and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. The Supreme Court, in addition, severed and excised 18 U.S.C. § 3553(b)(1),

7

which required mandatory application of the Guidelines. *Id.* at 756-57, 765. As a consequence, the Sentencing Guidelines are now advisory in all cases. *Id.* at 757.

Given Castro's failure to object to the mandatory application of the Sentencing Guidelines in the District Court, and the given pendency of Castro's direct appeal at the time *Booker* was decided, Castro's *Booker* claim is reviewed herein for plain error. *See United States v. Mares*, 402 F.3d 511, 513, 520 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 43 (2005); *United States v. Harris*, 434 F.3d 767, 774 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1897 (2006); *United States v. Cisneros*, 176 Fed. Appx. 572, 573 (5th Cir. 2003). To establish plain error, Castro has the burden of demonstrating "(1) error, (2) that is plain, and (3) that affects substantial rights." *Mares*, 402 F.3d at 520. An error affects substantial rights if it "'affected the outcome of the district court proceedings,'"and was "'sufficient to undermine confidence in the outcome.'" *Id.* at 521 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993) and *United States v. Dominguez-Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2340 (2004)).

A *Booker* error– that is, a mandatory as opposed to advisory application of the Guidelines– is an error that is plain. *Mares*, 402 F.3d at 521. However, a *Booker* error will be found to affect substantial rights only if the defendant can show that the "sentencing judge– sentencing under an advisory scheme rather than a mandatory one– would have reached a significantly different result." *Id. at* 521. Here, Castro has not met his burden of demonstrating that his sentence would have been significantly different if the Court had applied the Guidelines in an advisory capacity only. Castro faced a mandatory minimum sentence of ten years incarceration of the offense to which he pled guilty. The record also shows that Castro's sentence under the Guidelines was calculated as follows: (1) because Castro pleaded guilty to a violation of 21 U.S.C. § 841(b)(1)(A) , U.S.S.G. § 2D1.1

8

directed a base offense of 32; (2) because Castro accepted responsibility for his criminal conduct and because he notified the Government of his intent to plead guilty in a timely manner, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), his offense level was reduced by 3 levels; (3) with an adjusted offense level of 29, and with a criminal history of category V, Castro had a Guideline sentencing range of 140 to 175 months. The record also shows, however, that given Castro's assistance to the Government, a § 5K1.1 motion was filed, which the Court granted. The Court departed from the Guideline range and sentenced Castro to 108 months incarceration, well below the Guideline range, and below the mandatory minimum of ten years. There is nothing in the record that would support a conclusion that the District Court would have assessed an even lesser sentence if it had viewed the Guidelines as advisory. Thus, because Castro has failed to come forth with any evidence or identify anything in the record which would indicate or suggest that the "same sentence would not have been imposed had the district court known that the Guidelines were advisory", no relief is available to Castro on his *Booker* claim. *Cisneros*, 176 Fed. Appx. at 574; *see also Harris*, 434 F.3d at 774; *Sealed Appellee v. Sealed Appellant*, 131 Fed Appx. 438 (5th Cir. 2005).

### IV.     Conclusion and Recommendation

Based on the foregoing, the conclusion that no relief is available to Castro on any of the claims he raises herein, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 146) be GRANTED, that Movant Juan Jose Castro's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 143) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 2nd day of October, 2006.

Frances H. Stacy
United States Magistrate Judge